UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **LELAND FOSTER**, | ) |
| Plaintiff, | ) Case No. 3:24-cv-2020 <br> ) |
| v. | ) Judge |
| **COMMODORE WAY, LTD.,** an Ohio limited liability company, | ) <br> ) |
| And | ) <br> ) |
| **HOOPER AND COMPANY LLC**, an Ohio limited liability company, | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

NOW COMES Leland Foster, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. Counsel for Plaintiff, who hereby files this Complaint against the named Defendant Commodore Way, Ltd.**,** an Ohio Limited Liability Company and Defendant Hooper and Company LLC, Ohio Limited Liability Company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Leland Foster, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant's as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and/or operations, as complained of by Plaintiff, are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Leland Foster ("Plaintiff" or "Mr. Foster"), is a Fulton County, Ohio resident, is *sui juris*, and qualifies as an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant Commodore Way, Ltd. owns the property located at 109 W. 5th Street, Perrysburg, OH 43551 and 420 Louisiana Ave, Perrysburg Ohio 43551 in Wood County, Ohio, which is a shopping plaza known as the Commodore Way Shopping Center. The Plaintiff has patronized Defendant's property and the facilities thereon previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

6. Defendant Hooper and Company LLC owns or operates a restaurant located within the Commodore Way Shopping Center at 105 W. 5th Street Perrysburg, OH 43551 in Wood County, Ohio, known as 5th Street Pub.

7. Plaintiff Foster has patronized the Defendant Commodore Way, Ltd.'s shopping center and the facilities thereon including the O-Deer Diner and the 5th Street Pub previously as a place of public accommodation, and he has experienced the barriers to access complained of herein.

8. Upon information and belief, the shopping center and the businesses therein owned or operated by the Defendants are non-compliant with the remedial provisions of the ADA. As Defendants either own, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendants are responsible for complying with the obligations of the ADA.  Defendants' shopping center and restaurant are places of public accommodation.  Defendants' property and business fail to comply with the ADA and its regulations, as also described further herein.

9. Mr. Foster is an individual diagnosed with cerebral palsy and permanently uses a wheelchair for mobility. Plaintiff also has difficulty grasping with his hands as a result of his disability. As such, he is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, and grasping and twisting, as defined by the ADA and its regulations thereto.

10. Mr. Foster is a Swanton, Ohio resident and frequents the restaurants, shopping centers, businesses and establishments of Perrysburg, Wood County, Ohio and surrounding area,

including the Defendants' properties and business that form the subject of this complaint.

11. On December 8, 2022, Plaintiff was a customer at the Defendant Hooper and Company LLC's restaurant located within the Defendant Commodore Way, Ltd.'s shopping center, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

12. On August 29, 2024, Plaintiff was a customer at a tenant space, identified as the O-Deer Diner, restaurant located within the Defendant Commodore Way, Ltd.'s shopping center, and he plans to return to the property to avail himself of the goods and services offered to the public at the property.

13. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety and protected access to Defendants' places of public accommodation.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendants' place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the shopping center and restaurants without fear of discrimination.

15. The Defendants have discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

16. The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).

17. A preliminary inspection of the shopping plaza, restaurant and other tenant spaces as owned or operated by the Defendants have shown that many violations of the ADA exist at the subject property. These violations include, but are not limited to:

**Parking and Accessible Routes**

A. In the parking lot, there are a legally insufficient total number of designated accessible parking spaces, in violation of the ADA section 208.2 of the 2010 Standards and 1991 ADAAG sections 4.1.2 and 4.6.1, whose remedy is strictly required or, at minimum, readily achievable.

B. In the parking lot, the accessible parking spaces completely lack required access aisles, in violation of the ADA sections 502.2 and 502.3 of the 2010 Standards and 1991 ADAAG section 4.6.3, whose remedy is strictly required or, at minimum, readily achievable.

C. In the parking lot, designated accessible parking are missing parking space identification signs, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

D. In the parking lot, there are no "van accessible" parking spaces or otherwise signs identifying "van accessible" parking are missing the sign identifying it as a 'van

       accessible' stall, in violation of the ADA section 502.6 of the 2010 Standards and 1991 ADAAG section 4.6.4, whose remedy is strictly required or, at minimum, readily achievable.

E.       Ground surfaces located on the exterior accessible route to enter retail buildings have cracks in excess of ½ inch, in violation of the ADA and section 302.3 of the 2010 Standards and 1991 ADAAG section 4.5.4, whose remedy is strictly required or, at minimum, readily achievable.

## 5TH Street Pub

F.       The ramp located on the route to the 5th Street Pub entry door is missing the required handrails on both sides, in violation of the ADA section 405.8 of the 2010 Standards and 1991 ADAAG section 4.8.5, whose remedy is strictly required or, at minimum, readily achievable.

G.       Inside the 5th Street Pub there are no compliant accessible seating or standing dining surfaces provided in the bar area in violation of the ADA section 226.1 of the 2010 Standards and 1991 ADAAG section 5.1, whose remedy is strictly required or, at minimum, readily achievable.

H.       In the 5th Street Pub's men's restroom, the baby changing station is mounted too high and out of the maximum height reach range to its operable parts, in violation of the ADA and sections 308.2.1 of the 2010 Standards and 1991 ADAAG sections 4.25.3 whose remedy is strictly required or, at minimum, readily achievable.

I.       In the 5th Street Pub's men's restroom, the paper towels dispenser is mounted in excess of the maximum height reach range, in violation of the ADA and sections 308.2.1 of the

        2010 Standards and 1991 ADAAG sections 4.2.5 whose remedy is strictly required or, at minimum, readily achievable.

J.      In the 5th Street Pub's men's restroom stall, the toilet compartment door is not self-closing, in violation of the ADA section 604.8.1.2 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

K.      In the5th Street Pub's men's restroom, the toilet paper dispenser impairs use of the side grab bar by being located within 12 inches above the bar and also the dispenser is not located 7 to 9 inches in front of the toilet measured to the centerline of the dispenser, in violation of the ADA and sections 609.3 and 604.7 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable.

L.      In the 5th Street Pub's men's restroom, the flush handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or, at minimum, readily achievable.

M.      In the 5th Street Pub's men's restroom, the toilet compartment coat hook is mounted in excess of the maximum reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards, whose remedy is strictly required or, at minimum, readily achievable..

N.      In the 5th Street Pub men's restroom, there is not compliant lath side maneuvering space on the pull side of the door at exiting for a wheelchair to navigate the door, is in violation of the ADA section 404.2.4.1 of the 2010 Standards and 1991 ADAAG section 4.13.6., whose remedy is strictly required or, at minimum, readily achievable.

O.      In the 5th Street Pub men's restroom, the height of the mirror above the sink is greater than 40 inches above the finish floor to its reflecting surface, in violation of the ADA

        section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable.

P.      In the 5th Street Pub's Men's Restroom, the water and drainpipes under the lavatory are not adequately insulated in violation of the ADA section 606.5 of the 2010 Standards and 1991 ADAAG section 4.19.4, whose remedy is strictly required or, at minimum, readily achievable.

Q.      There is not a clear floor space 30 inches by 48 inches provided in front of the lavatory in the men's restroom to allow forward approach due to the placement of a trash can, in violation of section complying with sections 606.2 and 305 of the 2010 Standards 1991 ADAAG sections 4.2.4 and 4.19.3, whose remedy is strictly required or, at minimum, readily achievable.

R.      Upon information and belief, the women's restroom contains similar barriers to accessibility, in violation of the ADA whose remedy is strictly required or at minimum is readily achievable.

**Commodore Way Shopping Center**

S.      The Commodore Way center's interior men's restroom lacks required signage with international Symbol of Accessibility and tactile braille mounted between 48 to 60 inches above the finish floor and located at the latch side of the entrance, in violation of the ADA section 703 of the 2010 Standards and 1991 ADAAG section 4.30.6 whose remedy is strictly required or, at minimum, readily achievable..

T.      The Commodore Way center's interior men's restroom entry has door hardware (doorknobs) that require tight grasping, pinching, or twisting of the wrist to operate, in

    violation of the ADA section 309.4 of the 2010 Standards and 1991 ADAAG section: 4.27.4, whose remedy is strictly required or, at minimum, readily achievable..

U. The Commodore Way center's interior men's restroom door opening does not provide a clear width of 32 inches minimum, in violation of the ADA section 404.2.3 of the 2010 Standards and 1991 ADAAG section 4.13.5, whose remedy is strictly required or, at minimum, readily achievable.

V. The Commodore Way center's interior men's restroom has a coat hook(s) mounted in excess of the maximum height reach range, in violation of the ADA and section 308.3.1 of the 2010 Standards and section 4.2.5 of the 1991 ADAAG, whose remedy is strictly required or, at minimum, readily achievable..

W. The Commodore Way center's interior men's restroom there are no rear or side grab bars mounted around the toilet, in violation of the ADA section 604.5 of the 2010 Standards and 1991 ADAAG section 4.16.4, whose remedy is strictly required or, at minimum, readily achievable.

V. The Commodore Way center's interior men's restroom the flush control handle is not located on the open side of the toilet, in violation of the ADA section 604.6 of the 2010 Standards and 1991 ADAAG section 4.18.4, whose remedy is strictly required or, at minimum, readily achievable.

W. The Commodore Way center's interior men's restroom the toilet paper dispenser is not properly mounted, in violation of the ADA and section 604.7 of the 2010 Standards whose remedy is strictly required or, at minimum, readily achievable.

X. The Commodore Way center's interior men's restroom the mirror above the sink is mounted in excess of 40 inches above the finish floor to its reflective surface, in violation of the ADA section 603.3 of the 2010 Standards and 1991 ADAAG section 4.19.6, whose remedy is strictly required or, at minimum, readily achievable..

Y. Upon information and belief, there are barriers to accessibility in The Commodore Way center's interior women's restroom, in violation of the ADA and the applicable 1991 ADAAG or 2010 Standards whose remedy is strictly required or at minimum is readily achievable. A survey of the Women's Public restroom is required.

**O-Deer Diner**

Z. There is a door with a threshold in excess of 1/2 inch on the route to enter and exit the indoor dining enclosed patio, in violation of the ADA section 404.2.5 of the 2010 Standards and 1991 ADAAG section 4.13.8, whose remedy is strictly required or, at minimum, readily achievable.

**Policies and Procedures**

AA. The Defendant's lacks or have inadequate defined policies and procedures for the sassistance of disabled patrons, in violation of the ADA whose remedy is readily achievable.

BB. The Defendants' inadequate procedures for the benefit of its patrons with disabilities extend to its failure to conduct a self-survey of its facilities and amenities that has resulted in discriminatory conduct toward Leland Foster.

18. The discriminatory violations described in Paragraph 17 by the Defendants are not an exclusive list of the ADA violations believed to exist at the place of public

accommodation. Plaintiff requires further inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff has been denied access to Defendants' accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendants, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

**COUNT I**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT**

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The Commodore Way shopping center and tenant spaces at issue, as owned and/or operated by the Defendant Commodore Way, Ltd. and Defendant Hooper and Company, constitute public accommodation and service establishments, and as such, must be, but are not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

21. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendants' failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq.* Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the facilities,

including those specifically set forth herein, and make the store accessible to and usable by persons with disabilities, including Plaintiff.

22. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is being damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

23. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendants to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

24. Plaintiff restates the allegations of ¶¶1-23 as if fully rewritten here.

25. The Defendant Commodore Way, Ltd. and the Defendant Hooper And Company, LLC operate or owns a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

26. Defendants have committed unlawful acts pursuant to O.R.C. § 4112.02(G) by denying Plaintiff equal access to and use of public accommodations.

27. Whereas, the Commodore Way, Ltd. Defendant has failed to provide compliant accessible parking or create compliant accessible routes from parking into the retailers at

its shopping plaza or to provide accessible restroom facilities required under Ohio law for its patrons and guests with disabilities.

28. Whereas, the Defendant Hooper and Company LLC's restroom, bar and dining room do not offer compliant accessibility features required under Ohio law for their patrons and guests with disabilities.

29. The Defendants' acts are willful, severe and ongoing.

30. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages as necessary to ensure justice, and attorney's fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendants to make all alterations, or at minimum such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons, and the reasonable attorney's fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendants to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

<u>*Counsel for Plaintiff:*</u>

<u>/s/ Owen B Dunn Jr.</u>
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Offices of Unit C
6800 W. Central Ave., Suite C-1
Toledo, OH 43617
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
Email: obdjr@owendunnlaw.com